08-0034-ag
Sy v. Holder

BIA
Abrams, IJ
A098 580 859

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of March, two thousand ten.

PRESENT:
        GUIDO CALABRESI,
        ROBERT A. KATZMANN,
        BARRINGTON D. PARKER,
            *Circuit Judges.*

_____

NDEYE HAMATH SY,
        *Petitioner,*

        v.                                          08-0034-ag
                                                    NAC
ERIC H. HOLDER, JR.,[*] UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Ephraim Tahir Mella, Philadelphia, PA.

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

FOR RESPONDENT:        Gregory G. Katsas, Acting Assistant
                       Attorney General; Michelle Gorden
                       Latour, Assistant Director; Matt A.
                       Crapo, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is GRANTED.

Ndeye Hamath Sy, a native and citizen of Mauritania, seeks review of a November 29, 2007, order of the BIA affirming the September 15, 2005, decision of Immigration Judge ("IJ") Steven Abrams, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ndeye Hamath Sy*, No. A098 580 859 (B.I.A. Nov. 29, 2007), *aff'g* No. A098 580 859 (Immig. Ct. N.Y. City Sept. 15, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Secaida-Rosales v. I.N.S.*, 331 F.3d 297, 308 (2d Cir.2003), *overruled on other grounds by Xiu Xia Lin v. Mukasey*, 534

2

F.3d 162 (2d Cir. 2008). Because neither the IJ nor the BIA made an explicit credibility determination, we assume Sy's credibility for purposes of our analysis. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271-72 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir. 2007).

Sy argues that the agency erred in finding that she failed to demonstrate that the mistreatment she suffered bore a sufficient nexus to a protected ground. *See* 8 U.S.C. § 1101(a)(42). In support of that argument, she cites to country conditions evidence in the record, including the 2004 State Department Country Report on Mauritania, which indicates that racial tension and discrimination between White Moors and Black Africans continues to exist in Mauritania and that, although slavery is officially abolished, the practice of involuntary servitude occurs with the acquiescence of the government. Against that backdrop, Sy claimed that after she, a black woman, married a white man, his family treated her as a slave because of her race. She claimed that the situation grew worse when her husband left for the United States, and culminated when her mother-

3

in-law falsely accused her of assaulting her and stealing her jewelry. As a result of those false charges, Sy was arrested and detained for ten days. During her detention, police beat her, using racial epithets as they did so. Sy further claimed that police put cigarettes out on her lips and tongue. Despite these claims, the IJ found that this was simply a family dispute, unconnected to race, and that Sy's arrest and her subsequent mistreatment by the police were purely the result of the charges that Sy's mother-in-law had filed. The BIA agreed, finding that even if the treatment Sy endured amounted to persecution, there was no evidence that it was on account of a protected ground.

Our prior precedent does not support the agency's conclusions. Both this Court and the BIA have recognized that, because "'prosecution for an offense may be *a pretext for punishing an individual for his political opinion*,'" "'a combination of . . . motives' [can] suffice" to establish persecution due to a protected ground. *Vumi v. Gonzales*, 502 F.3d 150, 157 (2d. Cir. 2007) (quoting *Matter of S-P-*, 21 I. & N. Dec. 486, 494 (BIA 1996)). Here, Sy's testimony strongly indicates that her persecutors were motivated, at least in part, by racial animus. *See Matter*

4

*of J-B-N- & S-M-*, 24 I. & N. Dec. 208, 211 (BIA 2007) (recognizing that, because "persecutors may have differing motives for engaging in acts of persecution," an applicant need only produce evidence "from which it is reasonable to believe that the harm was . . . motivated in part by an actual or imputed protected ground.") (alteration and internal quotation marks omitted).

More significantly, the agency's finding that Sy's mistreatment was solely the consequence of a criminal investigation failed to properly take account of the record evidence indicating that racial tension is prevalent in Mauritanian society and that the government has largely failed to eradicate racially-based persecution. *See Vumi*, 502 F.3d at 156-59 (rejecting the agency's finding that petitioner's persecution bore no nexus to a protected ground when the agency's analysis failed to take into account the overall political context in which the persecution took place)*; Osorio v. I.N.S.*, 18 F.3d 1017, 1029 (2d Cir. 1994) ("[B]y drawing the conclusion that the dispute between Osorio and Guatemala was economic and not political, the BIA ignored the political context of the dispute."). Therefore, we conclude that remand is necessary for the agency to do so in the first instance. *See Vumi*, 502 F.3d at 159; *see also*

5

*Gonzales v. Thomas*, 547 U.S. 183, 186-87 (2006).

Finally, Sy does not meaningfully challenge the agency's denial of her CAT claim before this Court, waiving that argument. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005).

For the foregoing reasons, the petition for review is GRANTED and the case REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk